## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RICARDO CRUZ DISTRIBUTORS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA;<br>CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant. | Court No. 22-00006 |

## COMPLAINT

Plaintiff Ricardo Cruz Distributors, Inc. ("Plaintiff"), through counsel, brings this action against the U.S. Customs and Border Protection ("CBP") to contest CBP's denial of Plaintiff's properly and timely filed protest, alleging as follows:

## STATEMENT OF FACTS

### Plaintiff's Entry and Description of Subject Merchandise

1. Plaintiff served as the importer of record for Entry No. N35-0288633-5 at the port of San Juan, Puerto Rico (Port Code 4909) on August 31, 2019.

2. Entry No. N35-0288633-5 consisted of rubber tires ("subject merchandise") subject to a countervailing duty order. [1] *See Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 80 Fed. Reg. 47,902 (Aug. 10, 2015).

---

[1] Variously classified under HTSUS 4011.10.05, HTSUS 4011.10.1020, HTSUS 4011.10.1030, HTSUS 4011.10.40, HTSUS 4011.10.50, HTSUS 4011.10.60, and HTSUS 4011.10.70.

3.  The total entered value of the subject merchandise was $18,371.[2]

4.  Plaintiff's combined bill of lading listed Tyrechamp Group Co., Limited ("Tyrechamp") as the "Shipper" of the subject merchandise and Plaintiff as the "Consignee."[3]

5.  The commercial invoice associated with the entry listed Tyrechamp as the "Seller" of the subject merchandise, Plaintiff as the "Buyer," and Sichuan Tyre & Rubber Co., Limited as the "Manufacturer."[4]

6.  Plaintiff's Entry Summary designated 15.56 percent as the applicable countervailing duty rate.

7.  Plaintiff therefore paid a cash deposit of $2,858.53 (reflecting a 15.56 percent *ad valorem* countervailing duty), which CBP subsequently collected.[5]

**Applicable Countervailing Duty Order; Proper Cash Deposit and Final CV Rate**

8.  Pursuant to *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, Commerce imposed a company-specific countervailing duty rate of 15.56 percent on imports of subject merchandise from "Producer and/or Exporter"[6] Tyrechamp.  *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 28,011 (June 17, 2019) (assigning a 15.56 percent countervailing subsidy rate to all Non-Selected Companies Under Review, including

---

[2] *See* Plaintiff's CBP Form 7501 ("Entry Summary"), at 1 (attached as **Exhibit 1**).
[3] Plaintiff's Bill of Lading (attached as **Exhibit 2**).
[4] *See* Plaintiff's Commercial Invoice (attached as **Exhibit 3**).
[5] *See* Entry Summary, at 1 (**Ex. 1**).
[6] *See, e.g.*, CBP, *Liquidation Instructions for POR 2016 (C-570-017)*, (July 3, 2019) (using the term "Producer and/or Exporter" to reflect Commerce's decision to impose company-specific countervailing duty rates without differentiating between producers, shippers, and producer-shippers) (attached as **Exhibit 7**).

Tyrechamp); *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2016*, Fed. Reg. Vol. 84, No. 80 at app. II (Apr. 25, 2019) (listing Tyrechamp Group Co., Ltd. as a Non-Selected Company Under Review); U.S. Customs and Border Protection, *Liquidation instructions for passenger vehicle and light truck tires from the People[']s Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)*, 4 (July 3, 2019).

9.  Upon publication of the above-referenced order, CBP was required to apply these rates, which it typically does in accordance with corresponding Liquidation Instructions, and to continue to do so until directed otherwise.

10. Tyrechamp was not included in the administrative review of the countervailing duty order covering the discrete period of January 1, 2017 to December 31, 2017, January 1, 2018 to December 31, 2018, or January 1, 2019 to December 31, 2019.  Thus, the review covering the discrete period of Jan. 1, 2016 to Dec. 31, 2016 (i.e., the review in which Tyrechamp was assigned a rate of 15.56 percent) represents the most recent prior period of review for Tyrechamp under the order.  *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2017*, 85 Fed. Reg. 22,718 (Apr. 23, 2020); *Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 21,275 (Apr. 22, 2021); *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 85 Fed. Reg. 63,081 (Oct. 6, 2020).

11. Thus, CBP was required to apply a countervailing duty rate of 15.56 percent on imports of subject merchandise from "Producer and/or Exporter" Tyrechamp during the period covering Plaintiff's entry.

12. Therefore, 15.56 percent represented both the proper cash deposit rate and final *ad valorem* countervailing duty rate for subject merchandise imported from "Producer and/or Exporter" Tyrechamp for entry between January 1, 2019 and December 31, 2019 (i.e., Plaintiff's subject merchandise).

**Liquidation of Plaintiff's Entry and Notice of Supplemental Duties**

13. CBP issued notice of liquidation of Entry No. N35-0288633-5 by email on February 22, 2021.[7]

14. CBP's notice of liquidation stated that Plaintiff owed $2,764.84 in supplemental countervailing duty charges (and $168.47 in unpaid interest).[8]

15. Given the subject merchandise's entered value of $18,371 and the paid cash deposit of $2,858.53, the $2,764.84 supplemental countervailing duty charge suggests that CBP assessed countervailing duties on Plaintiff's goods at a rate of 30.61 percent, which is the "all-others" rate applicable to non-reviewed companies under the relevant order. *Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 80 Fed. Reg. 47,902 (Aug. 10, 2015).

**Plaintiff Timely Filed Protest Challenging CBP's Assessment of CVDs at "All-Others" Rate**

---

[7] CBP's Notice of Liquidation (attached as **Exhibit 4**).
[8] *Id.*

16. On July 30, 2021, Plaintiff filed a protest[9] with CBP challenging its decision to use the "all-others" rate (i.e., 30.61 percent) instead of Tyrechamp's company-specific rate (i.e. 15.56 percent) in assessing countervailing duties on Plaintiff's entry.

17. In its protest, Plaintiff explained that it was improper for CBP to assess countervailing duties based on the rate applicable to the manufacturer, Sichuan, where (i) Tyrechamp was clearly the exporter and direct supplier of the subject merchandise given that Tyrechamp was listed as the "Seller" of the merchandise on the Commercial Invoice and as the "Shipper" of the merchandise on the Bill of Lading, and (ii) Commerce had imposed a countervailing duty rate of 15.56 percent on subject merchandise "from Producer and/or Exporter" Tyrechamp, which CBP was required to enforce upon publication of that order pursuant to Commerce's Liquidation Instructions.[10]   *See* U.S. Customs and Border Protection: Liquidation Instruction: "Liquidation instruction for passenger vehicle and light truck tires from the People's Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)," (July 3, 2019).

**CBP Denied Plaintiff's Protest**

18. CBP sent Plaintiff a notice of its denial of the protest by email on February 12, 2021.[11]

19. In denying Plaintiff's protest, Customs stated:

> "Based on the information on file the manufacturer is Sichuan Tyre & Rubber[,] not Tyre Champ Group. Specific Case was changed to all other case rate. Therefore, claim for bill cancelation has been denied."[12]

**Plaintiff's Speculative Explanation for why CBP Improperly Denied its Protest**

---

[9] Protest No. 490921100571, filed at Port 4909 on July 30, 2021 ("Plaintiff's Protest") (attached as **Exhibit 5**).
[10] *Id.* at 5-6.
[11] CBP Email Denying Plaintiff's Protest (attached as **Exhibit 6**).
[12] *Id.*

20. Given CBP's justification for its denial of Plaintiff's protest, Plaintiff notes that it is possible that CBP's administrative error in assessing the goods at the "all-others" rate, as well as its subsequent error in denying Plaintiff's protest, may have occurred, at least in part, because of an inadvertent mistake made by Plaintiff's representative in filling out, on Plaintiff's behalf, Form CBP 7501 for Entry No. N3502886335. Specifically, Plaintiff notes that in Block 13 ("Manufacturer ID") of its Form CBP 7501—where Customs asks importers to provide an ID for the invoicing party of the imported merchandise—Plaintiff's entry summary mistakenly lists the ID for Sichuan Tyre & Rubber Co., Ltd instead of Tyrechamp.[13]   U.S. Customs & Border Protection, *CBP Form 7501 Instructions*, 5 (Sept. 24, 2021) ("Block 13... This block is provided to accommodate the manufacturer/shipper identification code. This code identifies the manufacture/shipper of the merchandise... For the purposes of this code, the manufacturer should be construed to refer to the invoicing party or parties. ... The name and address of the invoicing party, whose invoice accompanies the CBP entry, should be used to construct the MID."), *available at* https://www.cbp.gov/sites/default/files/assets/documents/2021-Sep/CBP%20Form%207501.pdf.

21. As CBP's Form CBP 7501 Instructions reveal, Plaintiff should have recorded the manufacturer ID for Tyrechamp in Block 13 because Tyrechamp was, in fact, the invoicing party whose invoice accompanied Plaintiff's entry summary.

22. Notwithstanding the oversight on the part of Plaintiff's representative, CBP should have affirmed Plaintiff's protest in light of the evidence submitted, which clearly shows that CBP's

---

[13] Entry Summary, at 1 (**Ex. 1**) (providing the manufacturer ID code for Sichuan Tyre, "CNSICTYR568JIA," in Block 13).

initial assessment of countervailing duties on the subject merchandise was not carried out in accordance with Commerce's order.[14]

## JURISDICTION

23. Plaintiff properly and timely filed a protest challenging CBP's administrative decision to apply the "all-others" rate instead of the exporter's company-specific rate in assessing countervailing duties on Plaintiff's merchandise, which resulted in supplemental duties on Plaintiff's entry, under 19 U.S.C. § 1514(a) and C.F.R. § 174.11 *et. seq*.

24. CBP dispatched notice of liquidation on February 22, 2021, and Plaintiff filed its protest on July 30, 2021; thus, the protest was timely filed within the 180-day limitation period.

25. CBP denied Plaintiff's protest by email on October 18, 2021. Therefore, Plaintiff timely commenced the instant action seeking to contest CBP's denial of Plaintiff's protest.

26. Plaintiff has paid all liquidated duties, charges, or exactions owed to CBP in connection with Entry No. N35-0288633-5.[15]

27. Jurisdiction is proper in this Court under 28 U.S.C. § 1581(a), as Plaintiff seeks to contest CBP's denial of Plaintiff's protest under 19 U.S.C. § 1515 that was properly and timely filed in accordance with 19 U.S.C. § 1514(a).

## STANDING

28. Plaintiff has standing to bring this action as the importer of record for Entry No. N35-0288633-5 and as the protesting party in the protest giving rise to this action.

---

[14] *See* Plaintiff's Protest (**Ex. 5**).

[15] *See* Invoice and Proof of Payment (attached as **Exhibit 7**).

29. Plaintiff was adversely impacted by, and has suffered harm as a result of, CBP's improper implementation of the countervailing duty order applicable to the subject merchandise comprising Entry No. N35-0288633-5.

30. Plaintiff properly filed a protest under 19 U.S.C. § 1514 challenging CBP's administrative misapplication of the proper rate in assessing countervailing duties on Plaintiff's merchandise, and Plaintiff was adversely impacted by, and has suffered harm as a result of, CBP's denial of that protest.

31. Plaintiff has standing to contest CBP's denial of its protest pursuant to Chapter 169 of Title 28 of the United States Code.  28 U.S.C. § 2631 *et seq*.

## TIMELINESS OF THE ACTION

32. A Plaintiff must commence a civil action contesting the denial of a protest under 28 U.S.C. § 1581(a) "within one hundred and eighty days after the date of the mailing of a notice of action of denial of a protest" under Section 515 of the Tariff Act of 1930.  28 U.S.C. § 2636(a).

33. The instant action contests CBP's actions that resulted in a denial of Plaintiff's protest under Section 515 of the Tariff Act of 1930. That denial was issued by CBP by email on October 18, 2021.

34.  This action is filed on January 12, 2022, which is within one hundred and eighty days of October 18, 2021 (i.e., the date of CBP's issuance of its denial of Plaintiff's protest).

35. Plaintiff has therefore timely filed this action.

## STATEMENT OF THE CLAIM

**CBP failed to follow Commerce's clear directive with respect to the proper countervailing duty rate under the applicable order in liquidating and contemporaneously assessing supplemental countervailing duties on Plaintiff's entry; accordingly, CBP impermissibly**

**denied Plaintiff's protest challenging CBP's administrative decision to apply the 30.61 percent "All-Others" rate instead of Tyrechamp's company-specific 15.56 percent rate in assessing supplemental countervailing duties on Entry No. N35-0288633-5 at liquidation.**

36. Plaintiff reasserts and reincorporates all preceding allegations as if fully set forth herein.

37. Pursuant to 19 U.S.C. § 1675 and 19 C.F.R. § 351.212, the Department of Commerce uses a retrospective assessment system under which final liability for antidumping and countervailing duties is determined after merchandise is imported.

38. Generally, and as is the case here, the amount of duties to be assessed is determined in a review of the order covering a discrete period of time.  19 CFR 351.212(a).

39. However, if a review is not requested, either of the order or of an individual producer and/or exporter otherwise subject to the order, duties are assessed at the rate established in the completed review covering the most recent prior period, or if no review has been completed, the cash deposit rate applicable at the time merchandise was entered. *Id*.

40. On June 17, 2019, Commerce published *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, which imposed a company-specific rate of 15.56 percent on shipments of subject merchandise from Tyrechamp.  This review covered the discrete period of January 1, 2016 to December 31, 2016.  *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 28,011 (June 17, 2019); *see also Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 17,382, App. II (Apr. 25, 2019).

41. Tyrechamp was not subject to any of the subsequently completed administrative reviews of the order (i.e., the annual reviews covering the discrete periods of January 1, 2017 to December 31, 2017, January 1, 2018 to December 31, 2018, and January 1, 2019 to December 31, 2019). *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2017*, 85 Fed. Reg. 22,718 (Apr. 23, 2020); *Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 21,275 (Apr. 22, 2021); *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 63,081 (Oct. 6, 2020).

42. Therefore, the rate imposed by Commerce's Final Order for the 2016 period of review constitutes the most recent prior countervailing duty rate for subject merchandise shipped from "Producer and/or Exporter" Tyrechamp Group Co., Limited.  *See* U.S. Customs and Border Protection, "Liquidation instructions for passenger vehicle and light truck tires from the People's Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)," (July 3, 2019).

43. Thus, the *Amended Final Results* for the 2016 period of review prescribes the rate Customs should have applied in assessing countervailing duties on Plaintiff's merchandise because it constitutes the most recent prior review in which Tyrechamp was assigned a company-specific countervailing duty rate under the order.[16]

44. Pursuant to the *Amended Final Results* for the 2016 period of review, CBP was required to apply a rate of 15.56 percent in assessing countervailing duties on subject merchandise from

---

[16] Tyrechamp Group Co., Ltd. was not subject to an annual review of the countervailing duty order for the periods covering 2017, 2018, or 2019.

Tyrechamp regardless of whether Tyrechamp was designated the producer of the merchandise, exporter or seller of the merchandise, or some combination of the two. *See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 28,011 (June 17, 2019); *Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2016*, 84 Fed. Reg. 17,382 at app. II (Apr. 25, 2019) (listing Tyrechamp as a "Non-Selected Compan[y] Under Review").

45. On July 3, 2019, Commerce issued Liquidation Instructions to Customs to effectuate the *Amended Final Results* for the 2016 period of review. *See* U.S. Customs and Border Protection, "Liquidation instructions for passenger vehicle and light truck tires from the People's Republic of China for the period 01/01/2016 through 12/31/2016 (C-570-017)," (July 3, 2019).

46. In those Liquidation Instructions, Commerce clearly and unequivocally directs CBP to assess subject merchandise from "Producer and/or Exporter" Tyrechamp Group Co., Limited at a rate of 15.56 percent. Indeed, Commerce used the language "from Producer and/or Exporter" when referring to the rate applicable to Tyrechamp to leave CBP with no discretion to apply a rate other than that assigned to Tyrechamp where Tyrechamp was, in fact, the seller, exporter, direct supplier, manufacturer, or producer of such merchandise. *Id*. at 4 of 7.

47. Given Commerce's Order and the subsequently issued liquidation instructions corresponding to that order, "a reasonable Customs official, with knowledge in these matters," could not have read or understood the applicable countervailing duty rate to be anything other than the rate assigned to Tyrechamp where Tyrechamp was listed as the "seller" (i.e., exporter) on the

invoice and "shipper" on the bill of lading, which CBP received along with Plaintiff's entry summary at the time the merchandise was entered. *See NEC Solutions (Am.) Inc. v. United States*, 27 CIT 968, 277 F. Supp. 2d 1340, 1348 (2003), *aff'd*, 411 F.3d 1340 (Fed. Cir. June 10, 2005).

48. CBP was legally required to give effect to Commerce's rates by complying with the clear and unambiguous language of Commerce's Order as set forth in the *Amended Final Results* for the 2016 period of review and as further articulated in Commerce's instructions to CBP. *See Mitsubishi Elecs. Am. V. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) (noting that CBP "merely follows Commerce's instructions in assessing and collecting duties," neither determines the rate nor amount of countervailing duties, occupies "a merely ministerial role in liquidating [countervailing] duties under 19 U.S.C. § 1514(a)," and, therefore, is without authority to modify "Commerce's 'determinations, their underlying facts, or their enforcement.'") (citing *Royal Business Machs., Inc. v. United States*, 1 CIT 80, 507 F. Supp. 1007, 1014 n.18 (Ct. Int'l Trade 1980).

49. As previously noted, Tyrechamp was listed as the "Seller" of the subject merchandise on Plaintiff's Commercial Invoice and as the "Shipper" of the subject merchandise on Plaintiff's Bill of Lading (i.e., the exporter or direct supplier); therefore, under the *Amended Final Results* for the 2016 period of review and the corresponding Liquidation Instructions, CBP was legally required to assess the merchandise at the 15.56 percent rate mandated by Commerce.

50. CBP's assessment of countervailing duties on Plaintiff's merchandise at a rate of 30.61 percent, as well as CBP's contemporaneous liquidation and assessment of supplemental duties on Plaintiff's entry, constitutes an impermissible derogation of Commerce's authority to impose the countervailing duty rate applicable to subject merchandise.

51. Accordingly, CBP unlawfully assessed supplemental countervailing duties on Plaintiff's merchandise and improperly denied Plaintiff's protest contesting the underlying administrative decision leading to CBP's collection of supplemental duties on that entry.

**<u>Prayer for Relief</u>**

Wherefore, Plaintiff respectfully requests that this Court:

(1) Declare CBP's assessment of countervailing duties on Plaintiff's merchandise at a 30.61 percent rate (rather than the proper 15.56 percent rate), and CBP's contemporaneous liquidation and subsequent collection of supplemental duties on Entry No. N35-0288633-5, unlawful, *ultra vires* acts;

(2) Declare CBP's denial of Plaintiff's protest improper, null and void *ab initio*;

(3) Order CBP to refund to Plaintiff all amounts in excess of $2,858.53 (i.e., the cash deposit) that Plaintiff paid CBP in connection with supplemental countervailing duties on Entry No. N35-0288633-5, inclusive of all interest charges and late-payment fees, and declare Plaintiff's liability for countervailing duties on the subject merchandise in Entry No. N35-0288633-5 to have been extinguished by virtue of CBP's collection of Plaintiff's cash deposit; alternatively, order CBP to reliquidate Plaintiff's entries at the proper rate (15.56 percent) and refund, with interest as provided by law, all countervailing duties paid by Plaintiff in excess of the initial cash deposit ($2,858.53) collected by CBP;

(4) Award Plaintiff its cost and reasonable attorney fees; and

(5) Grant such other and further relief as this Court deems just and proper.

Dated:     January 13, 2022

Respectfully Submitted,

*/s/ Matthew T. McGrath, Esq.*
Matthew T. McGrath, Esq.
Barnes, Richardson & Colburn, LLP
1850 M Street, NW
Suite 1060
Washington, DC 20036
202-483-0070
*mmcgrath@barnesrichardson.com*